### Johnson & Johnson, Appellee, v. Creamery Package Manufacturing Company, Appellant.

#### Gen. No. 21,836.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed December 19, 1916.

#### Statement of the Case.

Action by Johnson & Johnson, a corporation, plaintiff, against the Creamery Package Manufacturing Company, a corporation, defendant, for the purchase price of goods sold and delivered. From a judgment for plaintiff, defendant appeals.

ALFRED W. CRAVEN and ELMER M. LIESSMANN, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 326*—*what evidence admissible to disprove existence of contract.* In an action for the purchase price of goods alleged by the plaintiff to have been sold and delivered to the defendant under a contract where the plaintiff claimed that its salesman quoted the price to the defendant's buyer as $13 per thousand articles and the defendant's buyer claimed that he understood the price to be 13 cents per thousand, *held* that a memorandum made by the defendant's buyer at the time of the plaintiff's salesman's oral offer and in his presence, in which the price appeared as 13 cents, was admissible on the question of mistake and meeting of the minds, as was also evidence as to what the defendant's buyer did with respect to the price which led up to the making of a written order by him in which the price appeared as 13 cents, which order was sent to the plaintiff's salesman, and also correspondence from the defendant to one of its customers after the defendant's buyer's first interview with the plaintiff's salesman and prior to the sending of the written order by the defendant to the plaintiff.

2. SALES, § 326*—*when improbability of evidence does not affect its admissibility.* In an action for goods sold and delivered where the plaintiff's salesman testified that he quoted the price of the articles to the defendant's buyer at so many dollars per thousand and the defendant's buyer testified that he understood the price to be cents per thousand, *held* that the admissibility of competent evidence, tending to show what the real understanding of the defendant's buyer was, was not affected by the fact that the price which the defendant's buyer claimed he understood to be the price of the goods was ridiculous in view of their value, the buyer having testified that he was not familiar with the value of such goods.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.